UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BLEAUREGARD KASADU,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID CONNELL; MICHAEL WU;<br>SCOTT MANAGEMENT, LLC,<br><br>  Defendants. | Case No. 6:25-cv-01918-MTK<br><br>**OPINION AND ORDER** |

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Bleauregard Kasadu brings this action against Defendants David Connell, Michael Wu,[1] and Scott Management LLC ("Scott"). Before the Court is Plaintiff's Application for Leave to Proceed *In Forma Pauperis* ("IFP"). ECF No. 1. Because Plaintiff has minimal income and assets, the Court grants Plaintiff's Application for Leave to Proceed IFP. However, the Clerk of the Court shall not issue process until further order of the Court because Plaintiff's Complaint is dismissed with leave to amend.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint and are accepted as true unless otherwise noted.

---

[1] Plaintiff does not include Defendant Wu in the case caption, but lists him as a party and includes claims against him in the Complaint.

Page 1 - OPINION AND ORDER

On September 1, 2023, Plaintiff emailed Scott "to inform them he would be withholding his rent due to his dwelling unit being uninhabitable." Compl. ¶ 17, ECF No. 2.

On September 18, 2023, "Plaintiff was served a 24-Hour Notice of Termination for allegedly threatening to kill his roommate." *Id*. ¶ 18. On September 25, 2023, Plaintiff was served with a Residential Eviction Complaint and Summons.

On October 17, 2023, Defendant Marion County Circuit Court Judge David Connell held a hearing "to consider granting [Scott's] repossession of Plaintiff's dwelling unit." *Id*. ¶ 20. Judge Connell entered an Order granting Scott's repossession of the unit.

On February 22, 2024, Plaintiff received a Notice of Abandoned Property from Scott stating that property found in the dwelling unit at issue was being held by Scott in a storage unit.

On October 24, 2025 Defendant Marion County Circuit Court Judge Michael Wu "brought forward a Nunc Pro Tunc Order, amending the Judgment of Defendant Judge Connell." *Id*. ¶ 23.

On October 17, 2025, Plaintiff filed a self-represented Complaint and an Application to Proceed IFP. Plaintiff asserts claims under 42 U.S.C. § 1983 (1) against Judge Connell for violation of the Fourteenth Amendment when he exercised his authority to consider granting Scott's repossession of Plaintiff's dwelling unit using a preponderance of the evidence standard and brought "forward a Judgment without the reasons for the Court's decision included"; (2) against Judge Wu for violation of the Fourteenth Amendment when he "conducted an ex parte hearing to consider granting the Temporary Stalking Protective Order, brought "forward a Nunc Pro Tunc Order without leave from the appellate court," and, brought "forward a Nunc Pro Tunc Order without good cause . . . for his appearance in Defendant Judge Connell's case"; and (3) against Scott for violation of the Fourteenth Amendment when it brought "forward a claim for

Page 2 - OPINION AND ORDER

repossession . . . on the false grounds that [Plaintiff] threatened to kill his roommate" and took possession of Plaintiff's personal property and placed it in a storage unit. Plaintiff seeks damages and declaratory and injunctive relief.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
>
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Hejazi v. United States*, No. 20-35248, 2021 WL 6103104, at *1 (9th Cir. Dec. 22, 2021).

As the Ninth Circuit has instructed, however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Complaints filed by self-represented plaintiffs "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A self-represented litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

Page 3 - OPINION AND ORDER

In addition, a complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although

> a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of [their] "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level[.]

*Bell Atl. Corp.*, 550 U.S. at 555 (citations altered). When assessing the sufficiency of a civil complaint, a court must distinguish factual contentions that allege behavior on the part of the defendant which, if true, would satisfy one or more elements of the claim asserted from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

## DISCUSSION

### I.  Absolute Judicial Immunity

"Judges . . . are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is flawed by the commission of grave procedural errors." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2022) (internal citation and quotation marks omitted). Plaintiff seeks damages for actions taken by Judges Connell and Wu in their official capacity and does not

allege any non-judicial acts. Accordingly, the Court finds Defendants Connell and Wu are immune to Plaintiff's claims against them for damages and dismisses those claims.

## II.     *Rooker-Feldman* Doctrine

"'[T]he *Rooker-Feldman* doctrine bars direct federal district court appellate review of state court judicial proceedings.'" *Anthony v. Sanchez*, No. 3:25-CV-1548-CAB-AHG, 2025 WL 3208846, at *2 (S.D. Cal. Nov. 17, 2025) (quoting *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 804 (9th Cir. 2002)). "'If claims raised in the federal court action are inextricably intertwined with the state court's decisions such that the adjudication of the federal claims would undercut the state ruling . . . then the federal complaint must be dismissed for lack of subject matter jurisdiction.'" *Anthony,* 2025 WL 3208846, at *2 (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). A "federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring). When "federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.* The Ninth Circuit has found "claims inextricably intertwined whe[n] 'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'" *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (quoting *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir.2002)).

In each of his claims Plaintiff seeks declaratory and injunctive relief that constitute federal district court review of state court judicial proceedings because they are inextricably intertwined with the state court's decisions such that adjudication of those claims would undercut the state court rulings. Plaintiff's claims are, therefore, barred by the *Rooker-Feldman* doctrine

except the second part of Plaintiff's first claim in which he requests an injunction "striking down as unconstitutional the provision of ORS 90.396(4) where it references the Preponderance of the Evidence Standard." Compl. ¶ 38.

Accordingly, the Court dismisses Plaintiff's claims except for the second part of his first claim for lack of subject matter jurisdiction.

### III. Facial Challenge

In the second part of his first claim Plaintiff requests an injunction "striking down as unconstitutional the provision of ORS 90.396(4) where it references the Preponderance of the Evidence Standard." Compl. ¶ 38. The Court construes this as a facial challenge to the constitutionality of that provision of Or. Rev. Stat. § 90.396(4).[2]

"Facial challenges seek to have a statute declared unconstitutional on the face of the statute, and the standard presents an extremely high bar because a plaintiff must show that the statute is unconstitutional in all possible applications and situations." *Alo v. Goldsmith*, No. 1:23-CV-00536-SAB, 2023 WL 4239066, at *14 (E.D. Cal. June 28, 2023), report and recommendation adopted, No. 1:23-CV-0536 JLT SAB, 2023 WL 5758946 (E.D. Cal. Sept. 6, 2023) (quotation omitted). *See also S.D. Myers, Inc. v. City & Cnty. of San Francisco*, 253 F.3d 461, 467 (9th Cir. 2001) ("In order to prevail on this facial challenge to the Ordinance, Myers must meet a high burden of proof; it must 'establish that no set of circumstances exists under which the [Ordinance] would be valid. The fact that [the Ordinance] might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly

---

[2] Or. Rev. Stat. § 90.396(4) provides in pertinent part: "Notwithstanding the references to criminal statutes in subsection (1)(f) of this section, the landlord's burden of proof in an action for possession under subsection (1) of this section is the civil standard of proof by a preponderance of the evidence."

Page 6 - OPINION AND ORDER

invalid.'" (quoting *U.S. v. Salerno*, 481 U.S. 739, 745 (1987)); *City of Los Angeles, Cal. v. Patel*, 576 U.S. 409, 409 (2015) (the fact that a statute "might operate unconstitutionally under some circumstances is not enough to render it invalid against a facial challenge.").

Plaintiff did not make any argument or cite any authority in support of his challenge to the portion of § 90.396(4) that permits application of the preponderance of the evidence standard. The Court finds Plaintiff's vague and unsupported challenge to that provision does not present a cognizable facial constitutional challenge. Accordingly, the Court dismisses this portion of Plaintiff's first claim.

## CONCLUSION

For the reasons explained above, Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1) is GRANTED. However, the Complaint is DISMISSED with leave to amend to cure, if possible, the deficiencies outlined above. Should Plaintiff wish to amend his Complaint, such amended complaint is due within 30 days of the date of this Opinion and Order.

DATED this 10th day of December 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge